## THORPE BROS. INC. v. ANDREW A. SWAN.[1]

February 24, 1928.

No. 26,411.

**Breach of contract by borrower.**

Finding sustained that applicant for mortgage loan had violated his contract to deliver to lender receipted bills for work already done on construction of dwelling house upon payment of first instalment of loan, hence plaintiff was entitled to its commission for negotiating the loan and the expense incurred. [Reporter]

Contracts, 13 C. J. p. 370 n. 25.

Defendant appealed from a judgment of the municipal court of Minneapolis, White, J. Affirmed.

*H. V. Harn* and *Ohman, Fryberger & Wangaard,* for appellant.
*Leonard E. Oslund,* for respondent.

PER CURIAM.

Defendant appeals from a judgment rendered against him by the municipal court of the city of Minneapolis, and assigns as error that the findings are not sustained by the evidence.

Defendant began the construction of a dwelling house and made a written application to plaintiff for a loan on the property, the

[1]Reported in 218 N. W. 112.

money to be furnished in instalments. Plaintiff accepted the proposition. The papers were executed, and plaintiff had the first instalment ready for defendant but refused to turn it over until defendant presented receipts showing that the bills for work already done on the building had been paid. Defendant apparently refused to accept the loan on this condition. Thereafter plaintiff brought suit for its commission and the expense incurred. Defendant admitted the contract and that he had agreed to pay the commission and expense in the amount claimed by plaintiff; but claimed a verbal agreement to the effect that the instalments were to be paid to him, and he was to pay the bills therewith and obtain receipts therefor and thereafter deliver such receipts to plaintiff. Whether such an agreement had been made was the sole issue, plaintiff's cause of action being admitted unless defeated by its refusal to pay over the money until the receipts had been furnished. The written contract required defendant to produce the receipts before each payment, and plaintiff's representatives claimed that this was also the oral agreement. The court found the fact to be as claimed by plaintiff and could not well have found otherwise.

Defendant argues that there was a misunderstanding between the parties and that their minds did not meet for that reason. There is no merit in this point. Where the parties assent to the terms of a contract, neither can avoid it by claiming that he misunderstood its purport or effect.

Judgment affirmed.